**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TAMARA PETROSYAN, | No. 11-70158 |
| Petitioner, | Agency No. A097-857-809 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 8, 2014**
Pasadena, California

Before: SILVERMAN, TALLMAN, and RAWLINSON, Circuit Judges.

Tamara Petrosyan, a citizen and native of Armenia, petitions for review of a

final order of removal from the Board of Immigration Appeals ("BIA" or "the

Board"). The BIA affirmed an Immigration Judge's ("IJ") denial of asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

relief"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Petrosyan contends that substantial evidence does not support the IJ's adverse credibility finding—a credibility determination upheld by the BIA after it performed its own review of the evidence and the law. *See Joseph v. Holder*, 600 F.3d 1235, 1240 (9th Cir. 2010) (noting that where the BIA adopts the IJ's decision and also provides its own review of the evidence and the law, "we review both the IJ and the BIA's decision"). We must uphold an adverse credibility finding so long as it is supported by substantial evidence. *Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009). Because Petrosyan filed her application for relief before May 11, 2005, the effective date of the REAL ID Act, pre-REAL ID Act standards govern our review. *Joseph*, 600 F.3d at 1240 n.3.

Petrosyan contends that the inconsistencies in her application were minor and insufficient to support an adverse credibility determination. Petrosyan is correct that "'[m]inor inconsistencies . . . that do not relate to the basis of an applicant's alleged fear of persecution, [or] go to the heart of the asylum claim' do not generally support an adverse credibility finding." *Singh v. Gonzales*, 439 F.3d 1100, 1105 (9th Cir. 2006) (quoting *Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 660 (9th Cir. 2003)).

But the inconsistencies relied upon by the BIA were not minor. Petrosyan initially testified that before she moved to Moscow she left in her apartment in Yerevan a court summons criminally charging her for attempting to encourage her minor neighbors to adopt her gay lifestyle. But on cross-examination, she stated that she "didn't leave it there, [but] destroyed it because [she] was afraid" that it would be found. When confronted with the inconsistency, she said she destroyed it, but then backtracked and stated "but as far as what I did with the document, I could not recall." *Singh*, 439 F.3d at 1108 ("A single supported ground for an adverse credibility finding" may be sufficient).

This inconsistency was also "accompanied by other indications of dishonesty" that support the adverse credibility determination. *Kaur v. Gonzales*, 418 F.3d 1061, 1067 (9th Cir. 2005) (emphasis omitted). Her explanation that she destroyed medical records relating to her rape to keep others from learning about it is inconsistent with her filing of a public, written complaint about the incident. Moreover, both the Board and the IJ also correctly noted that Petrosyan failed to provide accessible corroborating evidence, such as medical records, police and court reports, and immigration documents submitted in Russia. *Sidhu v. I.N.S.*, 220 F.3d 1085, 1091–92 (9th Cir. 2000) ("[W]here the IJ has reason to question the applicant's credibility, and the applicant fails to produce non-duplicative, material,

easily available corroborating evidence and provides no credible explanation for such failure, an adverse credibility finding will withstand appellate review.").

Because the evidence in the record does not compel the conclusion that Petrosyan is credible, we uphold the BIA and the IJ's adverse credibility determination. *Kaur*, 418 F.3d at 1064. Petrosyan is therefore ineligible for asylum and withholding of removal. *See Kin v. Holder*, 595 F.3d 1050, 1052 (9th Cir. 2010). Similarly, Petrosyan is not entitled to CAT relief because her CAT claims were based on the same unbelievable statements used to support her applications for asylum and withholding of removal and no other evidence in the record supports a claim of torture. *Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003).

**PETITION DENIED.**